# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY GARRETT BROWN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MR. CLARK, SUPT., et al, )<br>)<br>Defendants. )<br>) | Civil Action No. 1: 16-cv-0166<br><br>United States District Judge<br>Barbara Rothstein<br><br>United States Magistrate Judge<br>Cynthia Reed Eddy |

## REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

It is respectfully recommended that the motion to dismiss filed by Defendants ([ECF No. 44](#)) be converted into a motion for summary judgment on the issue of exhaustion, and that summary judgment be granted to Defendants. Additionally, the Court recommends that Plaintiff's Motion for Preliminary Injunction ([ECF No. 28](#)) be denied as moot as it is recommended that summary judgment be granted to Defendants.

**II.  REPORT**

  A.  *Background*

Plaintiff, Gregory Garrett Brown ("Brown") is an inmate currently incarcerated at the State Correctional Institution at Albion ("SCI-Albion"). PACER, a/k/a Public Access to Court Records, reflects that Brown is a serial *pro se* prisoner filer of lawsuits and has incurred three or more strikes for purposes of the Prison Litigation Report Act ("PLRA").[1] In this case, Brown is not proceeding *in forma pauperis* as he paid the full filing fee at the time he filed his complaint. ([ECF No. 5](#)).

---

[1]  Courts are entitled to take judicial notice of public records, such as court records and case docket sheets. *DiNicola v. DiPaolo,* 945 F. Supp. 848, 854 n. 2 (W.D.Pa. 1996).

In the instant lawsuit, Brown names thirty-three (33) defendants, all of whom appear to be employed at SCI-Albion. (Amended Complaint, ECF No. 16). The claims are difficult to follow but appear to relate to a three-month period from May 2016 through early September 2016. Defendants contend that the specifics of Brown's claims are of no moment, as Brown failed to properly exhaust any grievance or claim for any incident which occurred from May 10, 2016 through September 8, 2016.

B. *Discussion*

Defendants filed the instant Motion to Dismiss asking the Court to convert the motion to dismiss to a summary judgment motion on the issue of exhaustion. (ECF No. 44). Prior to the Court issuing a briefing schedule, Brown filed a "Response to Defendants' Motion to Dismiss" (ECF No. 52) and a " Response to Defendants' Motion for Summary Judgment." (ECF No. 53.)[2] The motion is ripe for disposition.

Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A prisoner must exhaust administrative remedies as to any claim that arises in the prison setting, regardless of any limitations on the kind of relief that may be gained through the grievance process. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). Exhaustion means "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal

---

[2] To the extent that Brown could argue that he was not given appropriate notice that the motion to dismiss was being converted to a summary judgment motion on the issue of exhaustion, such argument is meritless. Brown clearly anticipated that the motion would be converted because he filed a pleading entitled "Response to Motion for Summary Judgment." Furthermore, this Report and Recommendation gives Petitioner the required notice and he has an opportunity to respond (again) to the issue of exhaustion in any objections he may file.

court." *Woodford v. Ngo,* 548 U.S. 81, 92 (2006). The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow. *Nyhuis v. Reno,* 204 F.3d 65, 73 (3d Cir. 2000) (by using language "no action shall be brought," Congress has "clearly required exhaustion"). Grievance procedures in inmate handbooks are administrative remedies that must be exhausted under the PLRA prior to suit. *Concepcion v. Morton,* 306 F.3d 1347, 1348-49 (3d Cir. 2002).

The PLRA also requires "proper exhaustion" meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules of that grievance system. *Woodford v. Ngo,* 548 U.S. 81, 87–91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . ."). This broad rule, however, admits of one narrowly defined exception. If the actions of prison officials in some fashion contributed to the inmate's procedural default on a grievance, the inmate will not be held to strict compliance with this exhaustion requirement. *See Camp v. Brennan*, 219 F.3d 279 (3d Cir. 2000). However, courts have recognized a clear "reluctance to invoke equitable reasons to excuse [an inmate's] failure to exhaust as the state requires." *Davis v. Warman*, 49 F. App'x 365, 368 (3d Cir. 2002). Thus, an inmate's failure to exhaust will only be excused "under certain limited circumstances," and an inmate can defeat a claim of failure to exhaust only by showing "he was misled or that there was some extraordinary reason he was prevented from complying with the statutory mandate." *Harris v. Armstrong*, 149 F. App'x 58, 59 (3d Cir. 2005); *Davis v. Warman*, 49 F. App'x at 368.

The DOC maintains a grievance system which offers a three-phase grievance and appeals procedure. *See* DC–ADM 804. First, an inmate may submit a grievance to the inmate Grievance Coordinator at the institution where the acts complained of occurred. If the inmate is

dissatisfied with the initial review response, he or she may, file appeal to the Facility Manager/Superintendent for a second level of review. Finally, an inmate may submit an appeal to the Secretary's Office of Inmate Grievances and Appeals ("SOIGA") for review of the decision by the Facility Manager / Superintendent.

Defendants argue that this case should be dismissed as Brown failed to properly exhaust his administrative remedies under the PLRA. In support of their argument, Defendants present the sworn Declaration of Amanda West, a Grievance Review Officer with SOIGA which states, *inter alia*, as follows:

> I have reviewed SOIGA records, including the Grievance Tracking system, concerning grievances filed by Inmate Brown from 5/10/16 through 9/8/216 at SCI-Albion. The official records show that while he filed 27 grievances during that time, he did not submit an appeal to Final Review for any of them.

(ECF No. 45-1, at ¶ 6). Plaintiff does not respond to this argument, but argues that he has been unable to obtain affidavits from other prisoners to support his claim of retaliation. The record is completely void of any evidence which shows that Brown was misled or that some extraordinary reason prevented him from complying with the statutory mandate.

Plaintiff was required and failed to exhaust his administrative remedies in accordance with the PLRA. Accordingly, the motion for summary judgment filed by Defendants should be granted.

Additionally, the Court recommends that Plaintiff's Motion for Preliminary Injunction (ECF No. 28) be denied as moot as it is recommended that summary judgment be granted to Defendants.

### III. Conclusion

For the reasons stated above, it is respectfully recommended that Defendants' Motion to Dismiss (ECF No. 44), which has been converted into a Motion for Summary Judgment on the exhaustion issue, be granted on the ground that Plaintiff did not properly exhaust his administrative remedies pursuant to the PLRA.

The parties are permitted to file Objections to this Report and Recommendation to the assigned United States District Judge. In accordance with 28 U.S.C. § 636(b), Fed.R.Civ.P. 6(d) and 72(b)(2), and LCvR 72.D.2, Plaintiff, because he is a non-electronically registered party, may file objections to this Report and Recommendation by **February 21, 2017**, and Defendants, because they are electronically registered parties, may file objections by **February 17, 2017.** The parties are cautioned that failure to file Objections within this timeframe "will waive the right to appeal." *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).

                                                               s/ Cynthia Reed Eddy
                                                               Cynthia Reed Eddy
                                                                United States Magistrate Judge

Dated: February 3, 2017


cc:     GREGORY GARRETT BROWN
        GQ-0338
        SCI ALBION
        10745 Route 18
        Albion, PA 16475
        (via U.S. First Class Mail)

        Mary Lynch Friedline
        Office of Attorney General
        (via ECF electronic notification)