# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GREGORY GARRETT BROWN,

         Plaintiff,

v.

MR. CLARK, SUPT., *et al.*,

         Defendants.

Civil Action No. 1:16-cv-0166 (BJR)

ORDER ADOPTING REPORT AND RECOMMENDATION.

Before the Court is the Report and Recommendation of Magistrate Judge Susan Paradise Baxter (Doc. No. 72), which recommends that the Motion to Dismiss filed by Defendants (Doc. No. 44) be converted into a motion for summary judgment on the issue of exhaustion, and that summary judgment be granted to Defendants. The Report and Recommendation additionally recommends that Plaintiff's Motion for Preliminary Injunction (Doc. No. 28) be denied as moot. After reviewing the Report and Recommendation, Plaintiff's Objections, and the record, the Court ADOPTS Magistrate Judge Baxter's Report and Recommendation in its entirety.

Plaintiff, a federal inmate incarcerated at the State Correctional Institution at Albion (SCI-Albion), brings this action against prison officials for various violations that allegedly occurred between May 2016 and September 2016. (Doc. No. 1.) Defendants contend Plaintiff has failed to properly exhaust the administrative review process.

Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A prisoner must exhaust

administrative remedies as to any claim that arises in the prison setting, regardless of any limitations on the kind of relief that may be gained through the grievance process. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). Exhaustion means "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 92 (2006). An inmate's failure to exhaust will only be excused "under certain limited circumstances," and an inmate can defeat a claim of failure to exhaust only by showing "he was misled or that there was some extraordinary reason he was prevented from complying with the statutory mandate." *Harris v. Armstrong*, 149 F. App'x 58, 59 (3d Cir. 2005); *Davis v. Warman*, 49 F. App'x 365, 368 (3d Cir. 2002).

Plaintiff does not dispute Defendant's evidence that he has failed to exhaust administrative remedies. *See* Doc. No. 45-1 at ¶ 6. Instead, he argues that the Supreme Court's decision in *Jones v. Bock*, 549 U.S. 199 (2007), overruled the PLRA and eliminated the exhaustion requirement. (Doc. No. 78.) Plaintiff is mistaken. *Jones* plainly states, "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Id.* at 211. In *Jones*, the Court held that exhaustion is an affirmative defense under the PLRA, and thus plaintiffs are not required to specially plead or demonstrate exhaustion in their complaints. 549 U.S. at 212. Defendants, however, do not seek dismissal on the grounds that Plaintiff failed to *plead* exhaustion; rather, they complied with *Jones* and raised exhaustion as an affirmative defense. Plaintiff's misreading of this precedent does not qualify as an "extraordinary reason" excusing compliance with the exhaustion requirement.

Accordingly, it is hereby ordered that:

(1) The Report and Recommendation is adopted;

(2) Defendants' Motion to Dismiss, which has been converted into a Motion for Summary Judgment on the exhaustion issue, is GRANTED;

(3) Plaintiff's Motion for Preliminary Injunction is DENIED AS MOOT;

(3) The case is CLOSED; and

(4) The Clerk of the Court shall send copies of this Order to the parties.

**IT IS SO ORDERED.**

Dated this 28th day of February, 2017.

Barbara Jacobs Rothstein
U.S. District Court Judge